Nolasco v City of New York (2020 NY Slip Op 02381)





Nolasco v City of New York


2020 NY Slip Op 02381


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11172 306199/11

[*1]Grecia Nolasco, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Respondents, Metropolitan Transportation Authority, et al., Defendants-Appellants, New York City Housing Authority, Defendant.


Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for appellants.
Greenberg & Stein, P.C., New York (Ian Asch of counsel), for Grecia Nolasco, respondent.
James E. Johnson, Corporation Counsel, New York (James E. Johnson of counsel), for City of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 12, 2018, which denied the motion of defendants Metropolitan Transportation Authority and New York City Transit Authority (NYCTA) for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted in its entirety. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this action to recover for injuries she allegedly sustained when, after exiting a taxi and attempting to step onto the sidewalk, her foot became stuck in a catch basin causing her to fall. The catch basin was located adjacent to a public sidewalk beneath defendants' subway station.
Defendants' motion for summary judgment should have been granted as defendants established, prima facie, that they did not own, control, maintain or make special use of the catch basin, which was the proximate cause of plaintiff's accident (see Adriana G. v Kipp Wash. Hgts. Middle Sch., 165 AD3d 469 [1st Dept 2018]). Defendants provided the testimony of NYCTA's employee, a civil engineer, who testified that defendants do not own the catch basin at issue, that they are not responsible for repairing or maintaining the catch basin and that it is the City that owns, repairs and maintains such catch basins. Further, an employee of the City's Department of Environmental Protection (DEP) testified that DEP generally maintains such catch basins.
In response, neither plaintiff nor the City raised an issue of fact sufficient to defeat defendants' motion for summary judgment. Although the DEP employee testified that it appeared portions of the sidewalk area near the catch basin had been altered or added by some entity other than DEP and photographic evidence shows that the sidewalk area at issue is in close proximity to the entrance to defendants' subway station, and a concrete support pole for the elevated platform and tracks is located thereon, such evidence fails to raise an issue of fact as to defendants' liability. Plaintiff testified on three separate occasions that the cause of her accident was her right foot getting stuck in the catch basin. She never testified that any issue with the sidewalk contributed to her fall.
Moreover, the fact that defendants failed to submit any evidence to show that they have never made special use of, or worked on, the sidewalk near the catch basin, despite several court [*2]orders requiring the production of such records, is irrelevant. Such discovery is not material and necessary to the prosecution of the action as there is no evidence in the record that the sidewalk or the condition thereof contributed in any way to plaintiff's accident (see CPLR 3101[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK